IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| STEVEN D. KING, #134 091, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:22-CV-369-WHA-CSC |
| | ) | [WO] |
| DR. SHAW, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.    INTRODUCTION**

This action is before the Court on a 42 U.S.C. § 1983 Complaint filed by Plaintiff, a state inmate incarcerated at the Donaldson Correctional Facility in Bessemer, Alabama. Plaintiff brings this action against prison and medical personnel at the Bullock Correctional Facility including Dr. Shaw, Dr. Stone, K. Turner, and Warden Patrice Jones, and Wexford Health Sources, Inc. Doc. 1.

Before the Court is Plaintiff's Motion for Preliminary Injunction under Rule 65 of the Federal Rules of Civil Procedure. Doc. 2.[1] After review and consideration of the motion, the undersigned Magistrate Judge RECOMMENDS the motion be denied as moot for the reasons set forth below.

---

[1] All cited documents and page numbers are those assigned by the Clerk of Court in the docketing process.

1

## II.     STANDARD OF REVIEW AND REQUIRED ELEMENTS

"The grant or denial of a preliminary injunction rests within the sound discretion of the district court." *Transcon. Gas Pipe Line Co. v. 6.04 Acres, More or Less*, 910 F.3d 1130, 1163 (11th Cir. 2018); *see also Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). A court may grant a preliminary injunction only if a plaintiff demonstrates each of the following elements: (1) a substantial likelihood of success on the merits; (2) an irreparable injury will occur absent issuance of the injunction; (3) the injunction would not substantially harm the non-moving parties; and (4) the injunction, if issued, would not be adverse to the public interest. *Long v. Sec'y, Dep't of Corr.*, 924 F.3d 1171, 1176 (11th Cir.), *cert. denied sub nom. Long v. Inch*, 139 S. Ct. 2635 (2019); *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998). "A preliminary injunction is an extraordinary and drastic remedy, and [Plaintiff] bears the burden of persuasion to clearly establish all four of these prerequisites." *Wreal LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016) (internal quotations and citation omitted); *see also All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (holding that a preliminary injunction is issued only when "drastic relief" is necessary); *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994) (stating that moving party's failure to demonstrate a substantial likelihood of success on the merits may defeat request for injunctive relief, regardless of the ability to establish the other elements).

### III.     DISCUSSION

Plaintiff was transferred to the Bullock Correctional Facility in September 2021. *See* Doc. 1 at 2. He was placed in the mental health stabilization unit at which time Defendant Turner recommended Plaintiff be involuntarily medicated. Doc. 2-1 at 1. Defendants Stone and Shaw approved the recommendation. *Id*. In his request for preliminary injunctive relief, Plaintiff seeks to prohibit Defendants from medicating him involuntarily and to require Defendants to send him to an independent mental health physician for diagnosis and treatment. Doc. 2 at 1.

No extended discussion of the facts is necessary in resolving Plaintiff's request for injunctive relief because Plaintiff has not met his burden of persuasion on all four requisites for obtaining injunctive relief. That is, Plaintiff has failed to show that he will suffer irreparable injury if the injunction is not granted. Plaintiff is incarcerated at the Donaldson Correctional Facility and is, thus, no longer housed at the Bullock Correctional Facility which is where the conduct and actions about which he complains occurred. In a § 1983 action filed by a prisoner, a request for injunctive and declaratory relief becomes moot upon the transfer or release of that prisoner from the facility where his cause of action arose. *Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir. 1988) (quoting *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) (explaining that "[t]his court has clearly stated the following: '[a]bsent class certification, an inmate's claim for injunctive and declaratory relief in a § 1983 action fails to present a case or controversy once the inmate has been transferred.'"). Moreover, "[e]quitable relief is a prospective remedy, intended to prevent future injuries." *Adler v. Duval County School Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997).

3

For that reason, "[w]hen the threat of future harm dissipates, the plaintiff's claims for equitable relief become moot because the plaintiff no longer needs protection from future injury." *Id.*

Here, Plaintiff's motion seeks to prohibit Defendants from involuntarily medicating him and to require them to send him to a free world physician for a mental health evaluation. However, Plaintiff's request for a preliminary injunctive relief as it concerns the provision of his medical and mental health care at Bullock is moot because the Court cannot grant him any effective relief as he is no longer incarcerated at that facility. Thus, the second factor necessary for preliminary injunctive relief—a substantial threat Plaintiff will suffer the requisite irreparable injury absent issuance of a preliminary injunction—does not now exist. *Siegel*, 234 F.3d at 1176. Accordingly, the Court finds the request for preliminary injunctive relief is moot.

## IV.   CONCLUSION

Based on the foregoing, the undersigned Magistrate Judge RECOMMENDS that:

1. Plaintiff's Motion for Preliminary Injunction (Doc. 2) be DENIED as moot.

2. This case be referred to the undersigned for additional proceedings.

It is ORDERED that **by September 20, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH Cir. R. 3–1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done, this 6th day of September 2022.

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE